NOT FOR PUBLICATION

FILED

MAR 28 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MIKE MURPHY, | No. 15-35616 |
| Plaintiff-Appellant, | D.C. No. 1:11-cv-00453-BLW |
| v. | |
| L. LAMONT ANDERSON, et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief Judge, Presiding

Argued and Submitted March 8, 2018
Seattle, Washington

Before: RAWLINSON, CHRISTEN, Circuit Judges, and FREUDENTHAL,**
Chief District Judge

Idaho prisoner Mike Murphy appeals the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging constitutional violations related to

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Nancy D. Freudenthal, Chief United States District
Judge for the District of Wyoming, sitting by designation.

1

his desire for an international transfer from Idaho to Canada. We have jurisdiction under 28 U.S.C. § 1291, and we affirm. We review de novo a district court's dismissal of a complaint under 28 U.S.C. § 1915A, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and for abuse of discretion as to the denial of leave to amend, *Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002).

The district court properly dismissed Murphy's claim for violations of due process. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Taking all the facts in Murphy's amended complaint as true, Murphy failed to allege a due process violation.[1] While Murphy claimed he had an oral agreement with the State of Idaho, he failed to allege how the oral agreement created a liberty or property interest entitling him to relief. *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 978 (9th Cir. 1998).

The district court properly dismissed Murphy's claims for an equal protection violation. Murphy failed to allege facts that the State intentionally discriminated against him based on race or national origin. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005). Murphy's allegations consist of conclusory statements, rather than factual allegations that the State discriminated against him based on his race or national origin. *Iqbal v. Ashcroft*, 556 U.S. 662,

---

[1] We do not address whether the district court erred in relying on the *Martinez* report, because Murphy's amended complaint facially failed to state a claim for relief.

2

678 (2009). Murphy's allegations do not show that the State acted with a discriminatory purpose, or that the State treated him differently than other similarly-situated prisoners. *Thornton*, 425 F.3d. at 1167–68. Murphy's claims fall short of the *Iqbal/Twombly* pleading requirements and the district court properly dismissed these claims.

Finally, the district court did not abuse its discretion in denying Murphy leave to amend his amended complaint. The district court dismissed Murphy's action because the amended complaint failed to cure the deficiencies in Murphy's original complaint, despite specific direction from the district court on the allegations necessary to correct the deficiencies in the original complaint. *See Chodos*, 292 F.3d at 1003 (discretion to deny leave to amend is particularly broad where plaintiff has had prior opportunities to amend).

**AFFIRMED.**